FILED
2013 Dec-31 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMANDA ABERNATHY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  1:11-cv-03805-AKK |
| ) | |
| SCIENCE APPLICATIONS ) | |
| INTERNATIONAL CORPORATION, ) | |
| ) | |
| Defendant ) | |

### **MEMORANDUM OPINION**

On September 30, 2013, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen days in which to file objections to the recommendations made by the magistrate judge.  On October 14, 2013, Defendant filed limited objections to the magistrate judge's report and recommendation. Specifically, Defendant challenges the magistrate judge's recommendation regarding Plaintiff's retaliation claim.

Defendant contends that the Supreme Court's recent decision in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), compels the court to dismiss Plaintiff's Title VII retaliation claims. In *Nassar*, the Supreme Court determined that the "but-for" causation test set out for age discrimination claims in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), applies equally to Title

VII retaliation claims. 133 S. Ct. at 2528. Relying on *Nassar*, Defendant argues that "Plaintiff does not have 'proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer'" because Dr. Caroline Robinson's animosity toward Plaintiff pre-dated Plaintiff's complaints. Doc. 34 at 3 (quoting *Nassar*, 133 S. Ct. at 2533). Consequently, Defendant maintains it is due summary judgment on the retaliation claim.

The evidence belies Defendant's contentions. Specifically, based on the record before the court, close temporal proximity exists between Plaintiff's complaints and the adverse action. Such evidence is generally sufficient for a plaintiff to establish but-for causation. *See Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 823 (11th Cir. Jan. 29 2008) (noting that a "close temporal proximity" between the time a plaintiff's protected activity and an adverse employment action would be sufficient to satisfy the plaintiff's burden of proving but-for causation at summary judgment for an FLSA retaliation claim). Further, while Defendant is correct that Dr. Robinson showed hostility towards Plaintiff prior to Plaintiff's December 4, 2009 complaint, Plaintiff has presented evidence that Dr. Robinson's alleged hostility following the complaint significantly increased.[1] Based on these allegations, sufficient evidence

---

[1] According to Defendant, Dr. Robinson was dissatisfied with Plaintiff's performance prior to the complaint, and would have given Plaintiff a poor performance evaluation in the absence of the complaint. Doc. 34 at 4–5. This contention overlooks Plaintiff's assertion that Dr. Robinson never attempted to hide her involvement in any prior adverse employment actions like she did with Plaintiff's performance evaluation. Doc. 37 at 9.

exists for a jury to find, if it is so inclined, that but-for Plaintiff's complaint, Dr. Robinson would have informed Plaintiff that her Performance Improvement Plan was complete and kept Plaintiff's performance evaluation unchanged. Likewise, while the cantankerous history between Plaintiff and Dr. Robinson may be evidence that retaliatory animus was not the but-for cause of the adverse employment actions, this evidence must be weighed against plaintiff's evidence to the contrary. The weighing of evidence, which includes credibility determinations, is a quintessential task reserved for a jury, rendering this matter inappropriate for summary judgment.

Next, as to Defendant's contention that the temporal proximity between Plaintiff's complaint and the adverse action is too attenuated to establish but-for causation, this assertion is based on a mistaken assumption that "[a]t least two to three months elapsed between Plaintiff's complaint and Dr. Robinson's decision to change [Plaintiff's] evaluation score." Doc. 38 at 4. In fact, the evidence shows that Plaintiff's performance evaluation was prepared as early as January, 2010. Doc. 19-12 at 17. In other words, as little as one month could have separated Plaintiff's complaints and Dr. Robinson's decision to change Plaintiff's evaluation score. Accordingly, the magistrate judge correctly found that Dr. Robinson's actions were "not too remote in time to be considered causally connected to [Plaintiff's] protected speech." Doc. 33 at 32.

Finally, Defendant argues incorrectly that Plaintiff did not offer sufficient evidence to rebut Dr. Robinson's articulated reasons for her actions. Doc. 34 at 5–7.

To the contrary, Plaintiff has offered evidence that Dr. Robinson gave Plaintiff a poor evaluation score, and that Dr. Robinson then attempted to hide her involvement in the evaluation process. Doc. 19-12 at 17–19. This evidence alone may be sufficient for a jury to discredit Dr. Robinson's proffered explanation and to find that a retaliatory reason motivated Dr. Robinson's actions. Such a determination, if any, is for a jury, rather than a court, to make.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and Defendant's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the motion for summary judgment filed by Defendant be granted as to Plaintiff's claims of gender and pregnancy discrimination and interference with her rights under the Family Medical Leave Act and that such claims be dismissed with prejudice. The court further ACCEPTS the recommendations of the magistrate judge that the motion for summary judgment filed by Defendant be denied as to Plaintiff's claim of retaliation under Title VII.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 31st day of December, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE